NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3882
_____

UNITED STATES OF AMERICA

v.

GEORGE GONZALEZ,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 2-04-cr-00079-001)
District Judge: Honorable Harvey Bartle, III
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 24, 2021
_____

Before: GREENAWAY, JR., SHWARTZ, *Circuit Judges*, and KANE, *District Judge*[*]

(Opinion Filed: August 13, 2021)

_____

OPINION[*]
_____

[*] The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Appellant George Gonzalez challenges the application of the career offender enhancement to his sentence.  The career offender designation increased the applicable Guidelines range from 135–168 months to 262–327 months at resentencing.  For the reasons discussed below, we determine that Gonzalez, through his counsel, waived any challenge to this designation, precluding our review.  Thus, we will affirm the District Court's judgment of conviction.

## I.    BACKGROUND

In 2004, a federal grand jury returned a superseding indictment charging Gonzalez with kidnapping, in violation of 18 U.S.C. § 1201; interstate stalking, in violation of 18 U.S.C. § 2261A; use of a gun during a crime of violence, in violation of 18 U.S.C. § 924(c)(1); possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g); and interstate transportation of a stolen firearm, in violation of 18 U.S.C. § 922(i).  The charges arose from Gonzalez's conduct following the end of his relationship with his girlfriend, which included stalking and harassing the former girlfriend and kidnapping and assaulting her sister.  Gonzalez pleaded guilty to all five counts.[1]  He was then sentenced to 411 months' imprisonment to be followed by five years of supervised release.

---

[1] Gonzalez never entered into a plea agreement.

In 2016, Gonzalez moved for relief pursuant to 28 U.S.C. § 2255 based on the new rule announced by the Supreme Court in *Johnson v. United States*, 576 U.S. 591 (2015). The District Court stayed Gonzalez's § 2255 motion.[2] On June 24, 2019, the Supreme Court issued an opinion rendering § 924(c)'s residual clause unconstitutional. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). The Government then conceded that, under *Davis*, kidnapping in violation of 18 U.S.C. § 1201(a)(1) is not categorically a "crime of violence" under § 924(c), and thus Gonzalez's sentence could not stand.[3] As a result, the District Court lifted the stay and scheduled a resentencing hearing.

At the resentencing hearing, the Government argued that Gonzalez remains a career offender pursuant to U.S.S.G. § 4B1.1, notwithstanding the partial abrogation of 18 U.S.C. § 924(c). Pursuant to § 4B1.1(a), a defendant is eligible for the career offender enhancement if (1) he was at least eighteen years old when he committed the crime for which he is being sentenced, (2) his "offense of conviction is a felony that is either a crime of violence or a controlled substance offense," and (3) he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." An offense is a felony "crime of violence" if it is punishable by more than one year of imprisonment and either "(1) has as an element the use, attempted use, or threatened use

---

[2] Then-Chief Judge Petrese B. Tucker, by Administrative Order, stayed all motions seeking collateral relief based on *Johnson* in June 2016.

[3] *Davis* invalidated the residual clause of 18 U.S.C. § 924(c) as unconstitutionally vague. 139 S. Ct. at 2326–32. As a result, Gonzalez's § 924(c) conviction for kidnapping, in violation of 18 U.S.C. § 1201, no longer qualified as a predicate offense. *See id.* So, Gonzalez sought to be resentenced.

of physical force against the person of another," or (2) is one of the enumerated crimes, which include kidnapping.[4] U.S.S.G. § 4B1.2(a).

Gonzalez's counsel unequivocally waived any objection to the Government's position, stating:

> [GONZALEZ'S COUNSEL]: Number one, with regard to the Guidelines and the application of career offender, I think with the production of the documents that [the Government] provided both the Court and the defense with today I think both of the statutes that are implicated in those matters fall under the enumerated c[l]ause of the career offender.
>
> THE COURT: Right.
>
> [GONZALEZ'S COUNSEL]: So it appears that the advisory Guideline range would be 262 to 327 months. And so essentially the argument here is whether an upward variance is warranted.[5]

J.A. 194. Given the agreement of all the parties that the 262 to 327 months was the appropriate Guidelines range, the District Court varied upward to impose a sentence of 411 months' imprisonment. This timely appeal followed.

---

[4] To determine whether the crime of conviction is a crime of violence pursuant to § 4B1.2(a)(2), courts typically apply the categorical approach, which compares the elements of the statute under which the defendant was convicted with the definition of a crime of violence. *United States v. Wilson*, 880 F.3d 80, 83–84 (3d Cir. 2018). As far as we can discern, no court has directly confronted whether kidnapping under 18 U.S.C. § 1201 is categorically "kidnapping" under § 4B1.2(a)(2).

[5] Despite the Government's objections to the presentence report, the Probation Office declined to amend its recommendation so as to apply the career offender designation. Instead, the Probation Officer deferred to the District Court to determine the legal issue, and provided an alternative range of 262–327 months pursuant to U.S.S.G § 4B1.1(b)(1) if the District Court were to determine the career offender designation was appropriate. The range of 262–327 months corresponds to the range with the career offender designation.

## II.    DISCUSSION[6]

Gonzalez argues that the District Court erred in applying the career offender guideline because the federal offense of kidnapping does not qualify as a "crime of violence" under the career offender guidelines.  However, as a general matter, "arguments not raised in the district courts are waived on appeal."  *United States v. Dupree*, 617 F.3d 724, 727 (3d Cir. 2010).

For the purposes of reviewing a sentencing decision, "waiver is the intentional relinquishment or abandonment of a known right."  *United States v. Brito*, 979 F.3d 185, 189 (3d Cir. 2020) (internal quotation marks omitted) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)).  "The only way to assess a waiver is to review the whole record."  *Id.*

A defendant's acquiescence (i.e., lack of objection) alone is not enough to support waiver.  *Id.* at 190; *see also Gov't of V.I. v. Rosa*, 399 F.3d 283, 293 (3d Cir. 2005) ("Despite his repeated acquiescence to the instructions, it is clear that [the defendant] did not knowingly and intentionally waive his right to the proper charge.  There is no indication that his attorney knew of and considered the controlling law, [nor that counsel was] aware of the need for the government to prove a clear and deliberate intent to take human life to find his client guilty . . . ."); *cf. United States v. James*, 955 F.3d 336, 344–45 (3d Cir. 2020) (finding waiver when defense counsel affirmatively chose not to

---

[6] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

object).  However, "an explicit agreement or stipulation constitutes a waiver of rights if the defendant was aware of the right."  *Rosa*, 399 F.3d at 291.

Here, viewing the record as a whole, *see Brito*, 979 F.3d at 189, we conclude that Gonzalez's counsel waived the issue.  After the Government objected to the presentence report and fully briefed the issue before the District Court, Gonzalez's counsel made an explicit stipulation in his colloquy with the District Court by stating:

> [Given] the production of the documents that [the Government] provided both the Court and the defense with today I think both of the statutes that are implicated in those matters fall under the enumerated c[l]ause of the career offender . . . [s]o it appears that the advisory Guideline range would be 262 to 327 months.  And so essentially the argument here is whether an upward variance is warranted.

J.A. 194.  This reveals that Gonzalez's counsel was aware of the issue, familiar with the controlling law, and conscious of the fact that the Probation Office and Government disagreed with each other as to the enhancement's applicability.  Nevertheless, he chose to accept that the career offender designation was appropriate and to move on to the matter of a variance.

Gonzalez's attempts to negate the waiver are unavailing.  First, Gonzalez argues that "waiver is not implicated because the district court independently entertained the issue and resolved it on the merits."  Reply Br. 2.  However, the Court allowed both parties to comment or object.  Gonzalez's counsel affirmatively endorsed the result without objection, thus waiving the claim.

6

Second, Gonzalez avers that his counsel's concession was made erroneously, and therefore it was not an "intentional relinquishment or abandonment of a known right." *Olano*, 507 U.S. at 733. The record shows that the issue was repeatedly raised at several distinct times in the sentencing process. For example, the application of the career offender designation question arose in the Government's objection to the presentence investigation report, the Probation Office's response, and the Government's articulation at sentencing. Additionally, counsel's statement reflects a considered strategy in the hope of receiving a benevolent ruling on the upward variance that falls within the discretion of the District Court. *See Rosa*, 399 F.3d at 291 (determining that waiver can be imputed even where the defendant "refrains from objecting as a tactical matter" (citation omitted)). The words uttered on the record are unequivocal and reflect a clear acknowledgment of the consequence of the application of the two statutes and the resulting, and more onerous, sentencing Guidelines range.

Furthermore, Gonzalez contends that the waiver was not intentional because he received the same sentence that was initially imposed years earlier, despite a change in the law. Gonzalez could have received a different sentence even if he conceded the career offender designation by either obtaining a downward variance or a lesser upward variance. Indeed, as discussed above, the sentencing transcript here supports the contention that counsel waived the issue merely as a tactic to focus on asking for the District Court to look at other factors to limit the upward variance. Thus, the fact that

7

Gonzalez received the same sentence despite a change in law is not dispositive of the waiver issue, and, therefore, this argument is unavailing.[7]

Because Gonzalez waived his right to challenge his career offender designation, our substantive review is precluded.[8]

## IV. CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment of conviction.

---

[7] Gonzalez also argues there is no waiver because the District Court itself did not treat this issue as waived, based on the District Court's statement that "if [it was] incorrect about deeming [Gonzalez] to be a career offender [it] would impose the same sentence." J.A. 206. The District Court's statements have no bearing on whether Gonzalez's counsel's statements waived the issue (a question our fulsome review of the record answers in the affirmative). *See Brito*, 979 F.3d at 189.

[8] Even if Gonzalez forfeited the claim, rather than waiving it, his claim would still fail. We review forfeited claims for plain error. *Brito*, 979 F.3d at 189. Assuming Gonzalez could show that the District Court erred, any error was not plain. It is not clear or obvious that federal kidnapping is not considered "kidnapping" pursuant to § 4B1.2(a)(2) without complex analysis. Further, Gonzalez cites no case in which any court has held that federal kidnapping is not considered "kidnapping" under § 4B1.2(a)(2).